WILLIAM H. JONES et al., executors, &c.,

v.

WILLIAM WATFORD et al.

[Filed October 2d, 1901.]

A will contained the following residuary clause: "All the rest, residue and remainder of my estate, real and personal, whatsoever and wheresoever found, I give and bequeath unto my executors, hereinafter named, and their successors in trust, for the purchase of books upon the Philosophy of Spiritualism, not sectarian, or of any creed, Church or Dogma, but of free, liberal bearing. Said books to be placed by my executors where they can be free to all who desire to think for themselves, and who are seeking for the truth from the true and living God, for I believe in one God, one Church and one Country, first, the great unknown, second, the whole human race, as one family, third, the whole Globe the home of all nations, that is my Trinity."—*Held*, that the residuary gift is expressed in terms sufficiently certain to enable it to be carried into effect. That though the trust is a perpetuity, which "executors and their successors" cannot execute, yet it is also a charity, which a court of equity will not permit to fail for want of a trustee.

On bill for construction of a will and answer.

This bill of complaint is filed by the executors of the will of Thomas B. Watford, asking an interpretation of his will and instructions from this court to the executors in the performance of their duties. The bill exhibits the following circumstances: The testator died in October, 1899, apparently without widow or children, his nearest relatives being his nephews. The will was proven before the surrogate of Burlington county and letters testamentary were issued to the complainants. The testator bequeathed certain money legacies and disposes of the residue of his estate as follows:

"All the rest, residue and remainder of my estate, real and personal, whatsoever and wheresoever found, I give and bequeath unto my executors, hereinafter named, and their successors in trust, for the purchase of

books upon the Philosophy of Spiritualism, not sectarian, or of any creed, Church or Dogma, but of free, liberal bearing. Said books to be placed by my executors where they can be free to all who desire to think for themselves, and who are seeking for the truth from the true and living God, for I believe in one God, one Church and one Country, first, the great unknown, second, the whole human race, as one family, third, the whole Globe the home of all nations, that is my Trinity."

The complainants, executors of the will, allege that the next of kin claim that this residuary bequest is void, and the executors say that they are in such doubt and uncertainty on the question of its validity that they fear they may be subjected to loss unless they have the aid of this court in the premises. They ask the court to instruct them whether the residuary bequest is lawful and valid and one which will be enforced by a court of equity.

The next of kin file their answers to the complainants' bill, substantially admitting the facts alleged therein. The defendants further say that the executors, after paying the legacies named in the will, have about thirty-five hundred dollars, which constitutes the residuary bequest. The defendants claim that the residuary bequest is void, and that it cannot be enforced. They insist that the testator, as to the residuary bequest, died intestate, and they ask instructions that the executors pay the residue in their hands to the defendants.

The testator does not appear to have died seized of any land in the State of New Jersey.

The cause came to hearing on the bill and answer, without any proofs offered by either party.

*Mr. Robert S. Clymer,* for the complainants.

*Mr. Robert C. Sparks,* for the defendants.

GREY, V. C.

The cause having come to a hearing on bill and answer, the allegations in the answer must be taken to be admitted to be true. *Chancery act, Gen. Stat. p. 379 § 43.*

The terms of the residuary bequest are so peculiar that the executors are justified in asking the instructions of this court

before disposing of the moneys in their hands affected by that bequest.

The defendants dispute the validity of the residuary gift upon these grounds—*first,* that it is so uncertain and indefinite in its terms that it cannot be carried into effect, in that it does not sufficiently describe the books to be bought; that it fixes no place where they shall be located, and prescribes no plan whereby they may be used; *secondly,* that it casts upon the executors the performance of an ever-continuing trust, which is beyond their power; *thirdly,* that it creates a perpetuity, and that it is not a charitable bequest, and is therefore void.

As to the criticism of the residuary gift because of its uncertainty, it appears, on its face, to direct the purchase of books treating of a well-known and widely-discussed subject of common interest. Any books which treat of the philosophy of Spiritualism, which are not sectarian and which deal with that subject freely and liberally, are within the class created by the testator. Such books may present the philosophy of Spiritualism favorably or unfavorably to the acceptance and extension of that belief; in either case they comply with the testator's terms. It cannot be assumed that if an order were given for the purchase of such books, it could not be filled because of the uncertainty of the description of the books. There is no allegation in the answer that such a condition exists, nor is it probably true in actual fact.

It is true the will mentions no specific place where the books, when purchased, shall be located, but precise certainty in such an incident is not necessary to the efficacy of the gift. They are required to be placed in a location where they can be "free to all," &c. The testamentary declaration indicates that they are to be kept intact in a place where they can be visited by all who are interested, and does not direct that they shall be distributed. More specific designation is not necessary.

To the objection that no definite plan is formulated for the use of the books in the will, it is well answered that the general object is fully expressed, and there is no indication on the face of the will that the testator had in his mind any particular plan as to the mode in which his bequest should be carried into effect. This case radically differs on this point from the case of *Smith*

Jones *v.* Watford.

*v. Smith, 9 Dick. Ch. Rep. 1; affirmed on appeal, 10 Dick. Ch. Rep. 821.* In that case the testator gave his entire estate to trustees to establish a school. He directed that the school should be conducted on the plan "which I have, from time to time, described to most of the board of trustees herein named, and who shall approve of final practical plans in keeping therewith." The testator had, by parol, communicated to the trustees fragmentary and general ideas with reference to the school he intended to establish. It was held that the testator did not contemplate the establishment of a school otherwise than as controlled by the plans which he had, by parol, discussed; that the face of the will did not define what these plans were; that the statute requires a will to be in writing, and the reference in the will by the testator to the verbal communications made by him to the trustees could not be held to be a part of the will. The bequest failed because the testator, in his will, sought to create a trust dependent for some of its necessary incidents upon his previous parol declarations. In the present case the testator does not indicate that he had any testamentary intent regarding a definite plan whereby alone the benefits of his gift might be enjoyed. Any plan which makes the books freely accessible to all those "who desire to think for themselves, and who are seeking for the truth from the true and living God," would carry his testamentary expressions into effect.

None of the criticisms of this residuary bequest for indefiniteness are justified. The adage "that which can be made certain, is of itself sufficiently certain," is an answer to all of them.

The second objection to the residuary bequest, that it imposes upon the executors an ever-continuing trust, which is beyond their power to perform, and the third, that it creates a perpetuity, and is not a charity, and is therefore void, will be considered together.

The terms of the bequest, and the obvious intent of the testator there expressed, show that he expected that the executors and their successors would carry this trust into effect, but the fact that the testator has selected trustees who are incapable of performing the trust, will not be permitted to defeat the trust itself, where it is a charitable bequest. Is this residuary gift a charity?

Jones *v.* Watford.

The court of appeals, in *Thomson's Executors* v. *Norris, 5 C. E. Gr. 523,* declared that the rulings of the English courts upon the statute of charitable uses (*43 Eliz. c. 4*) are the sources from which the law of this state has been derived defining what constitutes a charity.

In *Thornton* v. *Howe, 31 Beav. 14,* there was a residuary gift, which the testator directed to be applied "for the printing, publishing and propagation of the sacred writings of Joanne Southcote." Mrs. Southcote imagined herself to have been specially selected by God as the organ whereby mankind might communicate with him. Her writings exposed her intercommunings with the spiritual world, and might fairly be classed with the books upon the philosophy of Spiritualism, for the purchase of which the testator in the case under consideration provides. Sir John Romilly expressed his opinion that this woman was both ignorant and foolish, but he decided, nevertheless, that her bequest providing for the publication of her writings was within the charitable class, and would be enforced in equity. His judgment was cited, with approval, by the court of appeals, in *George* v. *Braddock, 18 Stew. Eq. 764.*

The bequest in the will now before me is a donation for the purchase of books upon a subject interesting to a large class of readers, access to which, by the express terms of the will, is required to be "free to all who desire to think for themselves, and who are seeking for the truth from the true and living God." The class which may possess these prescribed characteristics is so indefinitely large that the gift is substantially for the benefit of the general public. No one is required to pay anything for the exercise of the privilege secured by the gift. No one can receive any pecuniary profit from the performance of the trust. Its opportunities and benefits are freely offered to all, and it may fairly be classed as a charitable gift for the good of mankind. Such a gift will not be permitted to fail for want of a trustee. Where the testator has, by neglect or mistake, failed to name one capable of executing the trust, a court of equity will carry it into effect by appointing an efficient trustee. *Pom. Eq. Jur.* § *1026; Mason's Executors* v. *Trustees of Methodist Episcopal Church, 12 C. E. Gr. 53.*

No charge has been made against the bequest because of any alleged tendency to immorality or irreligion, nor, in view of the principles expounded in the above-cited cases of *Thornton* v. *Howe* and *George* v. *Braddock,* does there seem to be any room for such an objection.

The complainants are entitled to a decree that the residuary bequest in question is legal and valid, and that it is one of a class which will be recognized and enforced in a court of equity.

The executors who have the residuary fund in hand, but are unable to execute the trust, may apply for the appointment of a competent trustee to perform it, to whom they may safely pay it.